## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                          )
**UNITED STATES OF AMERICA,**      )
                          )
       **v.**                   )     **Crim. No. 13-335 (RJL)**
                          )
**JOSEPH DANIEL HALLFORD,**     )
                          )
       **Defendant.**      )
_____)

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE SEIZED
## IN VIOLATION OF THE UNITED STATES CONSTITUTION

Defendant Joseph Hallford, through undersigned counsel, respectfully requests that this Court suppress all evidence seized during the search of Mr. Hallford's vehicle on November 6, 2013, as the search was a violation of the Fourth Amendment of the United States Constitution.

## FACTUAL ALLEGATIONS

According to discovery provided by the government, on November 5, 2013, Mr. Hallford arrived at the George Washington University Hospital ("GWU Hospital") with severe pain and bleeding due to complications from hemophilia. Mr. Hallford also suffers from mental health issues. GWU hospital employee, Shana Palmieri, reported that Mr. Hallford allegedly stated he wanted to provoke the United States Secret Service ("USSS") agents to shoot him in the chest so his family could own the agency. Ms. Palmieri further stated Mr. Hallford made no threats against President Barack Obama or any USSS protectee.

USSS agents reported to GWU Hospital to conduct a "protective intelligence interview" on November 6, 2013. After completing an interview with GWU Hospital personnel, the agents were informed Mr. Hallford had been transferred to United Medical Center, 1310 Southern

Avenue SE, Washington, D.C., for involuntary commitment pursuant to an order of the Superior

Court for the District of Columbia.

The agents arrived at United Medical Center in the evening to interrogate Mr. Hallford.

During the interrogation, Mr. Hallford was shivering and extremely tired and stated he had not

eaten or slept in days.  Before advising Mr. Hallford of his *Miranda* rights, but after initiating the

targeted interrogation, the government alleges Mr. Hallford allegedly said he had weapons

located in his vehicle in Washington, D.C.  The conversation continued after the alleged

statements were made, but Mr. Hallford was not advised of his *Miranda* rights until two days

later.

Using the information obtained during the interrogation, the United States Park Police

located and searched Mr. Hallford's vehicle without a warrant on November 6, 2013.  As a result

of the search the agents allegedly found firearms and the makings for a Molotov cocktail.

## DISCUSSION

**I.     All Evidence Recovered from the Vehicle Must Be Suppressed As Fruit Of The
        Unlawful Warrantless Search Of The Vehicle**

The evidence must be suppressed as fruit of the unlawful warrantless search of the

vehicle. The Supreme Court has held that, "searches conducted outside the judicial process,

without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth

Amendment –subject only to a few specifically established and well delineated exceptions." *Katz*

*v. United States*, 389 U.S. 347, 257 (1967) (footnote omitted).  Where the government seeks to

introduce evidence seized without a warrant, it has the burden of showing that the evidence falls

within one of the "few specifically established and well delineated exceptions" to the warrant

requirement of the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Here, the officers did not have a search warrant to search Mr. Hallford's vehicle, and there was no applicable exception to the warrant requirement.  Absent a showing of an exception to the warrant requirement, the evidence seized from the vehicle must be suppressed.

## CONCLUSION

For the foregoing reasons, Mr. Hallford respectfully requests this Court to suppress the evidence seized during the warrantless search of his vehicle on November 6, 2013.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **vs.** | **)** | **Crim. No. 13-335 (RJL)** |
| | **)** | |
| **JOSEPH DANIEL HALLFORD,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**O R D E R**

    **AND NOW**, this _____ day of _____2014, based on Mr. Hallford's Motion to

Suppress Evidence, the government's Opposition, and for good cause shown, it is hereby

    **ORDERED** that the motion is **GRANTED**; and it is further

    **ORDERED** that the evidence seized from Mr. Hallford's vehicle on or around November

6, 2013 is hereby **SUPPRESSED.**

    **SO ORDERED.**


_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE